ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
VALERIE L. MAKAREWICZ
Assistant United States Attorney
SBN 229637
   Room 7211, Federal Building
   300 North Los Angeles Street
   Los Angeles, California  90012
   Telephone:  (213) 894-2729
   Facsimile:  (213) 894-0115
   Email: valerie.makarewicz@usdoj.gov

Attorneys for United States of America

O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>MICHAEL V. SEVERO, et. al.,<br><br>          Defendants. | Case No. CV 10-1161 CAS (SHx)<br><br>[PROPOSED] JUDGMENT AND ORDER OF SALE |

     Based upon the settlement that was reached by the parties, the papers filed in this case, and all other matters properly made part of the record, **IT IS ORDERED**:

     1.  On February 18, 2010, the United States of America filed the Complaint to Reduce Federal Income Tax Assessment to Judgment and Foreclose Federal Tax Lien on Real Property (hereinafter "Complaint").

///

///

1

2. The first cause of action of the Complaint seeks to reduce to judgment an income tax assessment against defendants SEVERO.

3. On the following dates, a delegate of the Secretary of the Treasury made an income tax assessment jointly and severally against defendants SEVERO for the identified tax year and in the amount as follows:

| Tax Year | Date of Assessment | Amount of Assessment |
|---|---|---|
| 1990 | 11/18/1991 | $63,499.00 |

4. In addition to the income tax assessed jointly and severally against defendants SEVERO for the 1990 tax year, as set forth in paragraph 3 above, statutory interest, penalties, other debits and collections costs have been assessed and have accrued on such income tax liability, and certain payments, credits and other reversals have been made against such liability, so that the total amount owing for the 1990 tax year as of February 1, 2010, including assessed and accrued interest, penalties, other debits and collection costs, and taking into account all payments, credits and reversals, is as follows:

| Tax Year | Unpaid Assessed Balance | Accrued Penalties and Interest to February 1, 2010 | Total Liability as of February 1, 2010 |
|---|---|---|---|
| 1990 | $46,777.20 | $178,100.71 | $224,877.91 |

5. Interest and penalties continue to accrue on defendants SEVERO's outstanding liability as allowed by law. After the Order/Judgment filed concurrently herein is entered, interest will continue to accrue pursuant to 28 U.S.C. § 1961(c)(1), until

///

1 defendants SEVERO's entire outstanding liability for taxable year 1990 is paid in full.

6. The United States of America has a lien on the property and rights to property owned by defendants SEVERO for the amount of the outstanding balance due for taxable year 1990.

7. Defendants SEVERO are personally liable and indebted to the United States of America for their unpaid tax liability for taxable year 1990, including subsequent additions to tax, penalties, and interest as allowed by law, until the liability is paid in full.

8. The balance due to the United States of America for taxable year 1990, plus accrued penalties and interest, may be reduced to judgment against defendants SEVERO.

9. The second cause of action in the Complaint seeks to foreclose the federal tax lien for taxable year 1990 against real property owned by defendants SEVERO.

10. The subject real property is Assessor's Parcel No. 5769-012-007, located in Arcadia, California, and more particularly described as LOT 46 TRACT NO. 11204, IN THE CITY OF ARCADIA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 197 PAGES 18, 19 AND 20 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

11. The United States of America has a Federal tax lien on all property owned by defendants SEVERO for taxable year 1990.

12. The United States of America has the right to judicially foreclose its Federal tax lien for taxable year 1990 against the real property listed in paragraph 10, above, which is owned by defendants SEVERO.

13.  Defendants SEVERO do not oppose judicial foreclosure of the subject real property by the United States of America.

14.  The United States of America will stay its right to foreclose upon the subject property for 15 months (450 days) from the date the order is entered to allow defendants SEVERO the opportunity to satisfy their outstanding tax liability.

15.  Pursuant to the Order/Judgment filed concurrently herein, the parties agree that the Court may issue an order of foreclosure on the subject real property.

16.  The United States of America will stay its right to foreclose on the subject real property so long as the defendants SEVERO comply with the following requirements.

   A.  Within seven (7) days from the date the Judgment/Order approving this stipulation is signed by the Court, defendants SEVERO will make a payment to the Internal Revenue Service in the amount of $75,000.

   B.  Within five months (150 days) from the date the Judgment/Order approving this stipulation is signed by the Court, defendants SEVERO will pay the balance of the amount due for their 1990 Federal tax liability.

   C.  However, if on or before the fifth month (150th day) from the date of the Judgment/Order approving this stipulation is signed by the Court, defendants SEVERO have made payments totaling not less than $125,000 (including the original $75,000), the United States of America will continue to stay its right to foreclose for an additional 4 months (120 days) from the 150th day from the date of the Judgment/Order approving this stipulation is signed by the Court (for a total of 270 days from

4

the date of the Judgment/Order approving this stipulation is signed by the Court) to make a payment of an additional $75,000 by defendants SEVERO (for a total payment due of $200,000 by the 270th day from the date of the Judgment/Order approving this stipulation is signed by the Court).

   D. If on or before the ninth month (270th day) from the date of the Judgment/Order approving this stipulation is signed by the Court, defendants SEVERO have made payments totaling not less than $200,000, the United States of America will continue to stay its right to foreclose for an additional 6 months (180 days) from the 270th day from the date of the Judgment/Order approving this stipulation is signed by the Court (for a total of 450 days from the date of the Judgment/Order approving this stipulation is signed by the Court) to pay the remaining balance owed for taxable year 1990, including all accrued additions to tax, penalties and interest.

   E. Payments must be made in the form of a cashier's check.

   F. Payments must be made payable to the United States Treasury and sent to Valerie L. Makarewicz, Assistant United States Attorney, United States Attorney's Office, 300 N. Los Angeles Street, Rm. 7211, Los Angeles, California, 90012.

   G. The subject real property is subject to four deeds of trust.

    1. A deed of trust is held by defendant BANK OF AMERICA, N.A., successor by merger to COUNTRYWIDE BANK, FSB as Instrument No. 03-3506451, recorded with the Official Records of the Recorder's Office, Los Angeles County, California, on

November 20, 2003.

        2. Deeds of trust are held by defendant JEAN L. MACKENZIE as Instrument Nos. 99-0200028, and 04-0367890 in the Official Records of the Recorder's Office, Los Angeles County, California, on February 8, 1999 and February 18, 2004, respectively. There is only one debt owed to defendant JEAN L. MACKENZIE.

        3. A deed of trust is held by defendant WESCOM CENTRAL CREDIT UNION as Instrument No. 04-0216569 in the Official Records of the Recorder's Office, Los Angeles County, California, on January 30, 2004.

    H. As condition of this settlement, defendants SEVERO must make regular payments to remain current with the above referenced four deeds of trust held by such defendants, the holders of the aforementioned deeds of trust, and not be in arrears regarding the payments of any of the aforementioned four deeds of trust.

    I. Upon full payment of defendant SEVERO's outstanding tax liability for taxable year 1990, including all accrued additions to tax, interest, and penalties, the United States of America will file a Satisfaction of Judgment with the Court.

   17. The United States of America will have sole, non-reviewable discretion to determine whether defendants SEVERO are in compliance with the requirements listed above.

   18. If the United States of America determines that defendants SEVERO are not in compliance with the requirements of this agreement, the United States of America will give defendants SEVERO written notice of such non-compliance by certified mail

and the opportunity to cure within 14 days of the mailing of such notice.

19. If defendants SEVERO fail to cure the non-compliance within 14 days of the mailing of the notice, the United States of America may proceed to foreclose on the property as set forth in the Complaint. Defendants SEVERO may not oppose such relief.

20. Notice to defendants SEVERO may be made at the address of the subject real property located in Arcadia, California. Defendants SEVERO may change the address by making a request in writing to the United States of America at the same address where payments are to be delivered.

21. As between plaintiff and defendants SEVERO, each party shall bear its own costs and attorney's fees in connection with this case.

22. Unless a satisfaction of judgment has been filed with the Court, in the event that defendants SEVERO are not in compliance with the requirements of this agreement after due notice has been given to them, the real subject property is ordered to be sold by the Area Director of the IRS whose district includes Los Angeles County, California or his delegate, in accordance with the provisions of Title 28, United States Code, Sections 2001 and 2002.

   A. Any party to this proceeding or any person claiming an interest in the subject property, may move the Court, pursuant to Title 28, United States Code, Section 2001(b), for an order for a private sale of the subject property. Any such motion shall be filed within twenty (20) days of the date of this Judgment and shall set forth with particularity (a) the nature of the moving

1 party's interest in the subject property, (b) the reasons why the
2 moving party believes that a private sale would be in the best
3 interests of the United States of America and any other claimant
4 involved herein, (c) the names of three proposed appraisers and a
5 short statement of their qualifications, and (d) a proposed form
6 of order stating the terms and conditions of the private sale.
7 Any such motion shall comply with Rule 7 of the Local Rules of
8 the District Court for the Central District of California.
9           B.   That the Area Director, or his delegate, is
10 then ordered to sell the subject property if it does not become
11 the subject of a motion pursuant to the preceding paragraph, in
12 accordance with Title 28, United States Code, Sections 2001(a)
13 and 2002.  The property shall be sold at a public sale to be held
14 at the Los Angeles County Courthouse, 111 N. Hill Street, Los
15 Angeles, California, as follows:
16                1.   Notice of the sale shall be published
17 once a week for at least four (4) weeks prior to the sale in at
18 least one newspaper regularly issued and of general circulation
19 in Los Angeles County, California.  Said notice shall describe
20 the property by both its street address and its legal
21 description, and shall contain the terms and conditions of sale
22 as set out herein.
23                2.   The terms and conditions of sale shall
24 be as follows:
25                     i.   A minimum bid determined by
26                          reference to the current fair
27                          market value shall be required.
28                          The minimum bid shall be 75% of the

current fair market value as
determined by an appraisal of the
subject property by the Internal
Revenue Service. The terms of sale
as to all persons or parties
bidding shall be cash.

ii. The successful bidder shall be
required to deposit with the Area
Director cash equal to twenty
percent (20%) of the bidder's total
bid immediately upon the property
being struck off and awarded to
such bidder as the highest and best
bidder; and the remaining eighty
percent (80%) of said purchase
price is to be paid on or before
5:00 p.m., within three (3)
business days of the date of sale.

iii. Should any person bid off the
property at the sale by virtue of
this Judgment and Order of Sale,
and fail to comply with the terms
of the sale, such bidder shall be
liable to the United States for
twenty percent (20%) of the value
of the property thus bid off as a
penalty, and said deposit shall be
paid over and delivered to the

1  United States to be applied toward
2  payment of said penalty, but
3  payment of said penalty shall not
4  be a credit on the judgment of the
5  United States.
6         3.  Upon selling the subject property, the
7  Area Director, or his delegate, shall prepare and file with this
8  Court an accounting and report of sale and shall give to the
9  purchaser a Certificate of Sale containing the description of the
10 property sold and the price paid.  The accounting and report of
11 sale shall be filed within ten (10) days from the date of sale.
12 If no objections have been filed in writing in this cause with
13 the Clerk of the Court, within fifteen (15) days of the date of
14 sale, the sale shall be confirmed without necessity of motion,
15 and the Area Director shall be directed by the Clerk of the Court
16 to execute and deliver his deed to said purchaser.
17        4.  Possession of the property sold shall be
18 yielded to the purchaser upon the production of the Certificate
19 of Sale and Deed; and if there is a refusal to so yield, a Writ
20 of Assistance may, without further notice, be issued by the
21 Clerk of this Court to compel delivery of the property sold to
22 the purchaser.
23    23.  If the subject property is sold by the Area Director in
24 a public sale, the proceeds of the sale of the subject property
25 will be paid in the following order:
26        A.  First, from the entire sale proceeds, for
27 necessary sale expenses such as Realtor commissions or the cost
28 of publishing the sale in newspaper regularly issued and of

1 general circulation in Los Angeles County, California.

2          B.   Second, from the entire sale proceeds, to
3 defendant LOS ANGELES COUNTY TAX COLLECTOR in satisfaction for
4 all unpaid secured property taxes which are owed to the County of
5 Los Angeles which encumber the subject real property.

6          C.   Third, to defendant JEAN L. MACKENZIE, in
7 satisfaction of the mortgage loan secured by a Deed of Trust
8 encumbering the subject real property recorded as Instrument No.
9 99-0200028 in the Official Records of the Recorder's Office, Los
10 Angeles County, California, on February 8, 1999.

11         D.   Fourth, to defendant BANK OF AMERICA, N.A.,
12 successor by merger to COUNTRYWIDE BANK, FSB, in satisfaction of
13 the mortgage loan secured by a Deed of Trust encumbering the
14 subject real property recorded as Instrument No. 03-3506451, in
15 the Official Records of the Recorder's Office, Los Angeles
16 County, California, on November 20, 2003.

17         E.   Fifth, to defendant WESCOM CENTRAL CREDIT
18 UNION, in satisfaction of the mortgage loan secured by a Deed of
19 Trust encumbering the subject real property, recorded as
20 Instrument No. 04-0216569 in the Official Records of the
21 Recorder's Office, Los Angeles County, California, on January 30,
22 2004.

23         F.   Sixth, to defendant JEAN L. MACKENZIE, in
24 satisfaction of the mortgage loan secured by a Deed of Trust
25 encumbering the subject real property recorded as Instrument No.
26 04-0367890 in the Official Records of the Recorder's Office, Los
27 Angeles County, California, on February 18, 2004.

28         G.   Seventh, to defendant ROBINSON & ASSOCIATES,

1  in satisfaction of the judgment against the subject real property
2  pursuant to an Abstract of Judgment recorded as Instrument No.
3  20091970671, in the Official Records of the Recorder's Office,
4  Los Angeles County, California, on December 28, 2009.
5        H.   Eighth, to defendant RANCHO LAS PALMAS
6  ASSOCIATION, INC. in satisfaction of the judgment against the
7  subject real property pursuant to an Abstract of Judgment
8  recorded as Instrument No. 20091980505, in the Official Records
9  of the Recorder's Office, Los Angeles County, California, on
10 December 29, 2009.
11       I.   Ninth, to plaintiff UNITED STATES OF AMERICA,
12 in satisfaction for the Federal tax lien for the income tax
13 assessed jointly and severally against defendants SEVERO for the
14 1990 tax year, filed in the office of the County Recorder for Los
15 Angeles County, California, on February 11, 2010, as Instrument
16 No. 20100197670, plus all accrued additions to tax, penalties,
17 and interest accruing through the date of sale.
18       J.   Tenth, if any surplus remains after making the
19 aforesaid payments, the Area Director, or his delegate, shall so
20 report, and return the balance into the registry of this Court
21 and, upon proper application, shall be paid over to defendants
22 SEVERO.
23 ///
24 ///
25 ///
26 ///
27 ///
28

24. The Court hereby retains jurisdiction of this action for the purpose of making proper distributions of any surplus proceeds of the sale of the subject property.

**IT IS SO ORDERED.**

Dated: July 26, 2010

_____
CHRISTINA A. SNYDER
United States District Judge

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division


_____/S/_____
VALERIE L. MAKAREWICZ
Assistant United States Attorney
Attorneys for United States of America

13